## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHERI DOUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 05-4145-SAC |
| ) | |
| CITY OF STOCKTON d/b/a, ) | |
| SOLOMON VALLEY MANOR, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter comes before the court upon defendant's motion to compel (Doc. 23), seeking an order compelling plaintiff to provide a complete, signed, set of responses to defendant's First Interrogatories and respond to defendant's Second Interrogatories and Request for Production. Plaintiff has not filed any response to defendant's motion and the time to do so has now expired.[1] Pursuant to D. Kan. Rule 7.4, the court ordinarily treats a motion, to which no timely response is filed, as uncontested and grants the motion without any further notice.[2] The court has reviewed defendant's motion and is now prepared to rule.

---

[1] *See* D. Kan. Rule 6.1(d)(1) ("Responses to nondispositive motions. . . shall be filed and served within 14 days."). Defendant's motion was filed and served by entry in the court's CM/ECF system on May 23, 2006. Therefore, any response by plaintiff needed to have been filed by June 6, 2006.

[2] D. Kan Rule 7.4 provides in relevant part:

The failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver of the right thereafter to file such a brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

Defendant's First Interrogatories were served upon plaintiff on March 23, 2006.[3] Plaintiff provided incomplete responses to these interrogatories to defendant at her deposition on May 3, 2006,[4] well after the expiration of the 33-day deadline for such responses pursuant to Fed. R. Civ. P. 33 and 5. Plaintiff has not subsequently provided complete, signed, responses to defendant's First Interrogatories (including a failure to answer, *in any way*, Interrogatory Nos. 13, 14, 15, 16, and 17 or to produce the document claimed, in her original, incomplete responses made to defendant at the time of her deposition, to be attached in response to Interrogatory No. 6) despite repeated communications to plaintiff's counsel from defendant's counsel attempting to obtain the outstanding discovery.[5]

Defendant's Second Interrogatories and Request for Production were served upon the plaintiff on April 17, 2006.[6] Plaintiff has made no response to either defendant's Second Interrogatories and Request for Production or defendant's counsel's attempts to confer regarding this outstanding discovery.[7] Pursuant to Fed. R. Civ. P. 33, 34, 5, and 6, plaintiff's deadline to respond to defendant's Second Interrogatories and Request for Production expired on May 22, 2006.

Plaintiff failed to timely respond to defendants' motion to compel. As a result, the court is left without any explanation for plaintiff's failure to properly respond to defendant's outstanding discovery

---

[3] Memorandum in Support of Motion to Compel (Doc. 24), at Ex. A.

[4] *Id.* at p. 1; *see also id.* at Ex. D.

[5] *See id.* at p. 3 ("Certificate of Compliance"). The court has reviewed defendant's recitation of attempts to confer regarding the discovery requests at issue and finds that defendant adequately satisfied the requirements of D. Kan. Rule 37.2 prior to filing the instant motion to compel.

[6] *Id.* at Ex. H.

[7] *Id.* at pp. 1-2.

requests and can only conclude that plaintiff is in violation of Fed. R. Civ. P. 26, 33, and 34. As such, the court will grant defendant's motion and order plaintiff to provide full, complete, and signed responses to defendant's First Interrogatories and Second Interrogatories and Request for Production by no later than **June 21, 2006**.

Defendant also seeks an award of reasonable attorney's fees and expenses incurred in filing the instant motion to compel. Fed. R. Civ. P. 37(a)(4) provides that if a motion to compel is granted, the court shall:

> after affording an opportunity to be heard, require the party. . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.[8]

Plaintiff failed to respond to defendant's discovery requests, even after defendant's good faith efforts to obtain responses without seeking a court order. Furthermore, plaintiff has provided no justification for her failure to provide the requested discovery. Accordingly, the court will order plaintiff to show cause why sanctions should not be imposed for her failure to provide the requested discovery.

**IT IS THEREFORE ORDERED** that the defendant's motion to compel (Doc. 23) is hereby granted.

**IT IS FURTHER ORDERED** that plaintiff shall, on or before **June 21, 2006**, provide full, complete, and signed responses to all of defendants' outstanding discovery requests, including defendant's

---

[8] Fed. R. Civ. P. 37(a)(4).

First Interrogatories (particularly including but not limited to providing responses to Interrogatory Nos. 13, 14, 15, 16, and 17, which have not been previously answered in any way, and producing the document previously claimed to have been provided in response to Interrogatory No. 6) and defendant's Second Interrogatories and Request for Production.

**IT IS FURTHER ORDERED** that plaintiff shall **SHOW CAUSE** to the court, in writing, on or before **June 21, 2006,** why she or her counsel should not be taxed with defendant's reasonable attorney's fees and expenses in filing the instant motion to compel as a sanction for their failure to provide the requested discovery. Defendant's counsel is directed to submit an affidavit to the court, providing an accounting of defendant's attorney's fees and expenses related to filing the instant motion, by the same date.

**IT IS SO ORDERED.**

Dated this 7th day of June, 2006, at Topeka, Kansas.

                                                s/K. Gary Sebelius
                                                K. Gary Sebelius
                                                U.S. Magistrate Judge