IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHERIE DOUGHERTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-4145-SAC |
| | ) |
| CITY OF STOCKTON | ) |
| *dba* Solomon Valley Manor, | ) |
| | ) |
| Defendant. | ) |

### ORDER

On July 5, 2006, the court conducted a status conference in this case with the parties. Plaintiff appeared through counsel, Neil A. Dean. Defendant appeared through counsel, Allen G. Glendenning.

The court convened the status conference for the purpose of inquiring as to the status of the case in light of plaintiff's failure to submit a confidential settlement report, and the parties' failure to identify a mediator, in compliance with the deadlines set by the court's scheduling order (Doc. 11). During the status conference, the court made certain orders to the parties, which will be memorialized herein.

With regard to the status of settlement discussions and mediation, plaintiff's counsel attributed plaintiff's failure to submit a settlement report to an oversight, and the parties reported that they had scheduled a mediation before Mr. Thomas J. Berscheidt, to take place on September 6, 2006. Because this scheduled mediation is beyond the deadline established for completion of mediation in the scheduling order, the parties requested that the court extend the mediation deadline. The court approved the parties' selection of mediator and announced

that it would extend the deadline for completion of mediation until and including September 6, 2006.

The court also inquired of the parties regarding the status of discovery. Defendant's counsel reported that plaintiff had not yet provided full, complete, and signed responses to defendant's First Interrogatories and Second Interrogatories and Request for Production. The court previously ordered plaintiff to provide such responses, by June 21, 2006, in its order granting defendant's motion to compel (Doc. 28). Defendant's counsel further reported that there were now additional discovery requests which were due and owing to which plaintiff had made no timely response. Plaintiff's counsel offered in response that plaintiff's responses had been delayed due to the difficulty of collecting information on plaintiff's extensive medical history and communication issues.

Having heard from the parties, the court ordered plaintiff to provide the discovery responses previously ordered in the court's order granting defendant's motion to compel to defendant by no later than July 7, 2006. **As this is the second time that the court has ordered plaintiff to provide these discovery responses, with there appearing to be no demonstrable effort to do so undertaken as a result of the court's previous order, the court informed plaintiff's counsel that any failure to timely provide the subject discovery in compliance with the instant order was likely to result in the undersigned recommending to the trial judge, U.S. District Judge Sam A. Crow, that this matter be dismissed, pursuant to Fed. R. Civ. P. 37(b)(2)(C), due to plaintiff's failure to comply with the orders of the court and participate in discovery.** Plaintiff's counsel

acknowledged this admonition and confirmed his intention to meet with his client to finalize and provide the necessary discovery responses by July 7, 2006.

The court also directed the parties to confer and attempt to resolve any disputes with regard to any further outstanding and overdue discovery that has not previously been the subject of a motion to compel. In the event that such efforts are unsuccessful, the court directed defendant to file a motion to compel addressing any such discovery as soon as practicable. The court announced that it was not inclined to look with favor upon any extension of the deadline for completion of discovery solely as a result of plaintiff's failure to provide timely discovery responses and reiterated its admonition that continued, unjustified, delay in responding to outstanding discovery requests would be treated as willful and would likely result in the undersigned recommending to Judge Crow that this action be dismissed.

**IT IS THEREFORE ORDERED** that the deadline for completion of mediation in this matter is extended until and including **September 6, 2006.**

**IT IS FURTHER ORDERED** that plaintiff shall provide to defendant, by no later than **July 7, 2006**, all discovery responses ordered to be provided in the court's prior order granting defendant's motion to compel (Doc. 28).

**IT IS SO ORDERED.**

Dated this 6th day of July, 2006, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
