IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHERIE DOUGHERTY,

          Plaintiff,

Vs.                                                                       No. 05-4145-SAC

CITY OF STOCKTON d/b/a,
SOLOMON VALLEY MANOR,

          Defendant.

MEMORANDUM AND ORDER

          The case comes before the court on the Notice and Order to Show Cause filed by the Magistrate Judge (Dk. 36) on July 19, 2006, giving the plaintiff until August 2, 2006, to show cause in writing to this court "why this case should not be dismissed, pursuant to Fed. R. Civ. P. 37(b)(2)(C), as a result of the plaintiff's failure to participate in discovery and comply with orders (Dks. 29 & 33) of the court." (Dk. 36, p. 7). The plaintiff submits nothing in response for district court's consideration.

          Rule 37(b)(2) authorizes a district court to sanction a party who "fails to obey an order to provide or permit discovery" and specifies as an available sanction "[a]n order . . . dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C). The court has discretion in selecting the appropriate

sanction, but that discretion "'is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery.'" *The Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 737 (10th Cir. 2005 (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)). Because of its harshness, dismissal with prejudice is reserved for those cases[1] involving "willfulness, bad faith, or [some] fault" by the party to be sanctioned. *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (quotation marks and citations omitted). "'Because dismissal with prejudice defeats altogether a litigant's right of access to the courts, it should be used as a weapon of last, rather than first, resort.'" *The Proctor & Gamble Co.*, 427 F.3d at 738 (quoting *Ehrenhaus*, 965 F.2d at 920). The following factors are to be considered before dismissing the case as a sanction: "'(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *The Proctor & Gamble Co.*, 427 F.3d at 738

---

[1] The Notice and Order to Show Cause filed here by the Magistrate Judge does not specify whether the contemplated sanction of dismissal is with or without prejudice. Rule 41(b) of the Federal Rules of Civil Procedure, however, provides that a court's order for involuntary dismissal "operates as an adjudication upon the merits" or with prejudice unless the court's order specifies otherwise.

(quoting *Gripe v. City of Enid*, 312 F.3d 1184, 1187 (10th Cir. 2002)).  Dismissal is appropriate if "'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'"  *Id*. (quoting *Ehrenhaus*, 965 F.2d at 921.

As laid out in the Notice and Order to Show Cause and as further argued in the defendant's motion to dismiss (Dk. 34), the aggravating factors here outweigh the presumption in favor of a resolution on the merits.  The defendant's efforts to complete their discovery efficiently and economically have been frustrated by the plaintiff's failure to answer interrogatories and requests for production.  In its attempts to obtain the requested discovery, the defendant has repeatedly communicated and conferred with the plaintiff's counsel, has filed repeated motions to compel and for sanctions, and to this date has not received the discovery despite the plaintiff's counsel's promises.  Additionally, the plaintiff's counsel has not even answered the defendant's more recent attempts to communicate about this outstanding discovery.  Consequently, the discovery proceedings have come to a standstill as the plaintiff has failed to comply with two separate court orders regarding discovery, ignored numerous discovery deadlines, and has not answered the most recent show cause order.  The plaintiff's culpability is aptly characterized in the magistrate judge's impression that the "plaintiff is not

serious about her prosecution of this case and not willing to comply with her obligations under the Federal Rules of Civil Procedure and the rules and orders of this court." (Dk. 36, p. 7). The magistrate judge admonished the plaintiff's counsel during the status conference, as well as the plaintiff, in a separate order filed July 6, 2006, that failure to comply with the discovery orders and to participate in discovery would result in a recommendation of dismissal pursuant to Fed. R. Civ. P. 37(b)(2)(C). Finally, the magistrate judge's earlier orders compelling discovery and imposing lesser sanctions did not bring the plaintiff into compliance.

IT IS THEREFORE ORDERED that for the reasons expressed above and further addressed in the Notice and Order to Show Cause (Dk. 36) and for the plaintiff's failure to respond to this show cause order, the court shall dismiss this case pursuant to Fed. R. Civ. P. 37(b)(2)(C).

Dated this 29th day of August, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge